IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DALFORD L. ENGLAND, Individually and as EnerTouch, Inc. and GoodCents Concepts, Inc. selling stockholders' representative; CLAYT S. MASON, individually,<br><br>Plaintiffs,<br><br>v.<br><br>GOODCENTS HOLDINGS, INC., OCM/GFI POWER OPPORTUNITY FUND II, L.P., OCM/GFI POWER OPPORTUNITY FUND II (CAYMAN), L.P., GFI ENERGY VENTURES, LLC<br><br>Defendants. | CIVIL ACTION<br>FILE NO. 1:08-cv-1702-RWS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR ATTORNEYS FEES UNDER 28 U.S.C. §1927**

Defendants GoodCents Holdings, Inc., OCM/GFI Power Opportunity Fund II, L.P., OCM/GFI Power Opportunity Fund II (Cayman), L.P., and GFI Energy Ventures, LLC hereby submit this memorandum of law in support of their motion for an award of attorneys fees under 28 U.S.C. § 1927.

- 1 -

2456044v1

## I. INTRODUCTION

Plaintiffs commenced this action on May 12, 2008, seeking a declaration that certain claims that they *expected* Defendants *might* assert would be subject to arbitration under the written agreements between the parties. Defendants always intended to arbitrate their claims, and so informed counsel for Plaintiffs on several occasions, and the complaint therefore failed to state a justiciable case or controversy from the outset.

In any event, Defendants actually filed and served their arbitration demand on June 19, 2008. Before the filing of the arbitration demand, Plaintiffs' counsel stated that the filing of a demand would render this case moot and upon such filing he would dismiss this case voluntarily.

As detailed below, Defendants requested on at least three separate occasions that Plaintiffs' counsel dismiss the case, as he had promised he would, before Defendants had to incur the time and expense of preparing a responsive pleading. Plaintiffs' counsel refused or ignored each such request. Defendants were left with no choice but to engage local counsel and to prepare and file their motion to dismiss and supporting memorandum and declaration, which Plaintiffs then did not even oppose. By this motion, Defendants seek to recover the $5,319.00 in fees that

they were needlessly forced to incur as a direct result of Plaintiffs' counsel's refusal to dismiss this case even after it had been rendered moot.

## II.   FACTUAL STATEMENT

1. In August 2007, Plaintiffs and Defendants entered into several written agreements relating to Defendants' purchase of stock from Plaintiffs, each of which contained an arbitration provision requiring any disputes to be resolved by arbitration. Complaint ¶ 14.

2. By letter dated February 29, 2008, Defendants advised Plaintiffs of certain claims that they planned to assert arising out of the stock purchase transactions. Declaration of Robert N. Klieger ("Klieger Decl.") ¶ 2 & Ex. A.

3. On May 12, 2008, Plaintiffs commenced this declaratory judgment action, seeking a declaration that Defendants would be required to arbitrate the claims previewed in their February 29 letter.

4. Two days later, by letter dated May 14, 2008, Defendants advised Plaintiffs' counsel that they had every intention of submitting their claims for arbitration and thus that there was no justiciable case or controversy:

> [T]here is no controversy with respect to the issue on which declaratory judgment is sought. Indeed, this is apparent on the face of your clients' complaint. Nowhere does the complaint allege that the named defendants have refused to comply with the dispute resolution procedures in Section 13.14 of the Stock Purchase Agreement. Nor

> could any such allegation be made. Our clients have every intention of complying with Section 13.14 and of submitting their claims … for arbitration before the American Arbitration Association, and they have never suggested otherwise. To the contrary we have advised you that we are in the process of preparing a demand for arbitration, which we expect to have on file shortly.

Klieger Decl. ¶ 3 & Ex. B. Defendants asked that Plaintiffs dismiss the case before Defendants were forced to incur the time and expense of preparing a motion to dismiss. *Id.*

5. By letter dated May 16, 2008, Plaintiffs' counsel inexplicably refused to accept Defendants' written representation of their intention to arbitrate. Klieger Decl. ¶ 4 & Ex. C. Plaintiff's counsel represented, however, that "if … a proper arbitration demand is noticed, I will be in a position to voluntarily dismiss our complaint as moot." *Id.*

6. On June 19, 2008, Defendants filed their Demand for Arbitration with the American Arbitration Association. Klieger Decl. ¶ 5. Notwithstanding Plaintiffs' counsel's prior acknowledgement that Defendants' filing of the demand would render this case moot, he did not file a dismissal.

7. In a letter dated July 2, 2008, nine days before the deadline for Defendants' responsive pleading, Defendants again asked that Plaintiffs' counsel file a dismissal:

> We again formally demand that your clients dismiss the declaratory judgment action they filed in the United States District Court for the Northern District of Georgia on May 12, 2008. Setting aside the frivolity of the action when initiated, you committed in your May 16, 2008 letter that your clients would dismiss their action upon "presentation of an arbitration demand." As you know, our clients filed their arbitration demand two weeks ago. Thus, by your own admission, your clients have no reasonable basis to maintain their action.

Klieger Decl. ¶ 6 & Ex. D. Plaintiffs' counsel did not respond. *Id.* ¶ 6.

8.  In a telephone call with Plaintiffs' counsel on July 7, 2008, four days before the deadline for Defendants' responsive pleading, Defendants again asked that Plaintiffs' counsel file a dismissal. Declaration of Roger A. Chalmers ("Chalmers Decl.") ¶ 2. Plaintiffs' counsel acknowledged in that call that the case was moot based on the previously filed arbitration demand but would not agree to file a dismissal. *Id.*

9.  In a letter dated July 9, 2008, two days before the deadline for Defendants' responsive pleading, and before incurring the costs of preparing applications for admission pro hac vice, corporate disclosure statements, and the motion to dismiss and supporting memorandum and declaration, Defendants yet again asked that Plaintiffs' counsel file the long-promised dismissal:

> The demand for arbitration which your clients seek in their declaratory judgment action was filed on June 19, or nearly three weeks ago. As I indicated in our call on

2456044v1

> Monday, and as you appeared to agree in that call, the action plainly has been mooted by the filing of the demand. Indeed, previously in your letter of May 16, you stated that your clients would voluntarily dismiss the case "as moot" upon the filing and notice of a "proper arbitration demand," and you now have acknowledged ... that such a "proper arbitration demand" has been filed. We therefore once again ask that the litigation be dismissed without further delay so that this dispute can proceed in arbitration without further costly interruption. In the event of a failure to dismiss, our clients will pursue all available remedies to recover the expenses they are being forced to incur in responding to the litigation.

Chalmers Decl. ¶ 3 & Ex. A. Again, Plaintiffs' counsel did not respond. *Id.*

10. Between July 7 and July 15, 2008, Defendants incurred $5,319.00 in attorneys' fees in connection with (i) the preparation of Defendants' Motion to Dismiss, which Defendants filed with the Court on July 11, 2008, and (ii) the preparation and filing of pro hac vice admission papers required under Local Rule 83.1 and corporate disclosure statements required under Rule 7.1 of the Federal Rules of Civil Procedure. Klieger Decl. ¶ 7 & Ex. E; Chalmers Decl. ¶¶ 4-5 & Ex. B.

11. Plaintiffs did not timely respond to Defendants' Motion to Dismiss, and the motion was taken under submission by the Court on July 30, 2008.

12. Five days later, on August 4, 2008, Plaintiffs' counsel filed an untimely response to the Motion to Dismiss conceding that the case had been

"rendered moot" on June 19, 2008 by Defendants' filing of their Demand for Arbitration. Plaintiffs' counsel offered no explanation for his refusal to file a dismissal once the case had been rendered moot.

13.   On August 5, 2008, the Court entered an order dismissing the case.

## III.  ARGUMENT

Pursuant to 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. There are three requirements for an award of attorneys' fees under § 1927:

> First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious conduct" must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.*, the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

*Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).

All three requirements are met in the present case. First, Plaintiffs' counsel engaged in "unreasonable and vexatious" conduct by refusing to dismiss this case

following Defendants' filing of their arbitration demand on June 19, 2008, which by Plaintiffs' counsel's own admission rendered this case moot. Although conduct must be "tantamount to bad faith" before fees may be awarded, *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991), section 1927 "does not require a malicious intent or a bad purpose." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1240 (11th Cir. 2007). Rather, "bad faith turns not on the attorney's subjective intent, but on the attorney's *objective* conduct." *Id.* at 1239 (emphasis added). "[T]he district court must compare the attorneys' conduct against the conduct of a 'reasonable' attorney and make a judgment about whether the conduct was acceptable according to some objective standard." *Id.* at 1239-40. The conduct of Plaintiffs' counsel here was not acceptable under any objective standard. Once the case had been rendered moot, Plaintiffs' counsel should have filed a dismissal without Defendants even having to ask. That Plaintiffs' counsel refused or ignored no fewer than three such demands from Defendants is simply inexcusable.

Second, Plaintiffs' counsel's conduct plainly "multiplie[d] the proceedings." Conduct "multiplies proceedings" when "it results in proceedings that would not have been conducted otherwise." *Peterson*, 124 F.3d at 1396. Plaintiff's counsel represented on May 16, 2008 that once an arbitration demand was filed, "I will be in a position to voluntarily dismiss our complaint as moot." Klieger Decl. ¶ 4 &

Ex. C. Defendants filed their arbitration demand on June 19, 2008 and thereafter repeatedly implored Plaintiffs' counsel to dismiss the case as he had represented he would. Plaintiffs' counsel refused or ignored each such request. On July 9, after several such refusals, Defendants asked yet again that the case be dismissed and specifically cautioned Plaintiffs' counsel that they would seek to recover fees and costs if they were needlessly forced to move for dismissal, yet Plaintiffs' counsel still ignored them. By July 10, 2008, literally one day before their responsive pleading was due, Defendants could wait no longer and were forced to prepare their motion to dismiss. There is no question that the fees Defendants seek to recover through this motion, all of which were incurred after multiple efforts to have this case voluntarily dismissed and shortly before their filing deadline, would have been avoided had Plaintiffs' counsel dismissed the case when it was rendered moot more than three weeks earlier.

Finally, the attorneys fees that Defendants seek to recover by this motion are limited to those which bear a direct financial nexus to the needless motion to dismiss proceedings. Specifically, Defendants seek to recover *only* those fees that they incurred in drafting the motion to dismiss papers on July 10 and 11, 2008 and the fees incurred for local counsel engaged in the case for purposes of that filing,

which total $5,319.00. *See* Klieger Decl. ¶ 7 & Ex. E; Chalmers Decl. ¶¶ 4-5 & Ex. B.[1]

## IV. CONCLUSION

For the foregoing reasons, Defendants request that the Court grant this motion and order Plaintiffs' counsel to reimburse Defendants $5,319.00 in attorneys fees that Defendants were needlessly forced to incur in moving to dismiss a case that, by Plaintiffs' counsel's own admission, had been "rendered moot" more than three weeks earlier.

---

[1] Defendants do not seek to recover as part of this motion any of the time their lead counsel spent in May and June 2008 reviewing the complaint, researching and corresponding with Plaintiffs' counsel regarding the absence of a justiciable dispute, or even writing the multiple letters that preceded local counsel's final July 9 letter requesting that Plaintiffs' counsel dismiss the case once it had, by Plaintiffs' counsel's own admission, been "rendered moot" by the arbitration filing.

Respectfully submitted this 5th day of September, 2008.

        ARNALL GOLDEN GREGORY LLP

        s/ Roger A. Chalmers
        Roger A. Chalmers
        Georgia Bar No. 118720
        E-mail: Roger.Chalmers@agg.com
        171 17th Street NW
        Suite 2100
        Atlanta, Georgia 30363-1031
        Phone: (404) 873-8500
        Fax: (404) 873-8501

        IRELL & MANELLA LLP

        Robert N. Klieger
        Jonathan Lange
        1800 Avenue of the Stars, Suite 900
        Los Angeles, California 90067-4276
        Phone: (310) 203-7076
        Fax: (310) 282-5613
        *Admitted Pro Hac Vice*

        Attorneys for Defendants GoodCents Holdings, Inc., OCM/GFI Power Opportunity Fund II, L.P., OCM/GFI Power Opportunity Fund II (Cayman), L.P., and GFI Energy Ventures, LLC

## CERTIFICATION OF COMPLIANCE WITH RULE 7.1D

Pursuant to LR 7.1D, counsel hereby certifies that this filing has been prepared in an approved font, namely Times New Roman 14.

s/ Roger A. Chalmers<br>
Roger A. Chalmers<br>
Georgia Bar No. 118720

2456044v1

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    Robert E. Rigrish
    Thomas Rosseland

                      s/ Roger A. Chalmers
                      Roger A. Chalmers
                      Georgia Bar No. 118720