**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DALFORD L. ENGLAND, | : | |
| Individually and as EnerTouch, | : | |
| Inc. and GoodCents Concepts, Inc. | : | |
| selling stockholders' representative, | : | |
| *et al.,* | : | CIVIL ACTION NO. |
| | : | 1:08-CV-1702-RWS |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| GOODCENTS HOLDINGS, INC. | : | |
| *et al.,* | : | |
| | : | |
| Defendants. | : | |

**<u>ORDER</u>**

This case is before the Court for consideration of Defendants' Motion for Attorney's Fees [16].  After reviewing the record, the Court enters the following Order.

In August 2007, Plaintiffs and Defendants entered into several written agreements relating to purchase of stock from Plaintiffs by Defendants.  Each of the Agreements contained an arbitration provision requiring that any disputes be resolved by arbitration.  On February 29, 2008, Defendants advised Plaintiffs that they intended to assert certain claims arising out of the stock purchase

transactions.  On May 12, 2008, Plaintiffs filed the present declaratory

judgment action seeking a declaration that Defendants were required to arbitrate

the claims mentioned in their February 29 letter.  By letter dated May 14, 2008,

Defendants advised Plaintiffs' counsel that they intended to submit their claims

to arbitration, and thus, there was no justiciable case or controversy before this

Court.

By letter dated May 16, 2008, Plaintiffs' counsel represented that if a

proper arbitration demand was filed, he would be in a position to voluntarily

dismiss the Complaint as moot.  On June 19, 2008, Defendants filed a demand

for arbitration with the American Arbitration Association.  However, Plaintiffs

did not file a dismissal.  On July 2, 2008, Defendants requested that Plaintiffs

file a dismissal so that Defendants could avoid the costs of responding to the

Complaint.  In a telephone call on July 7, 2008, Defendants again asked

Plaintiffs' counsel to file a dismissal.  In a letter dated July 9, 2008, Defendants

again asked Plaintiffs' counsel to file a dismissal and warned that they would

seek to recover their expenses if they were forced to respond to the complaint.

Plaintiffs' counsel declined to file the dismissal.  When the arbitration

demand was filed, AAA originally assigned the dispute to its International

Center for Disputes Resolution ("ICDR").  Plaintiffs assert that they did not file

a dismissal after the arbitration demand was filed because they were concerned about assignment of the matter to the ICDR.   Until that assignment was resolved, Plaintiffs claim that they felt they needed to keep this case pending.

When Plaintiffs originally filed this action, no assignment to the ICDR had been made.  The only relief sought by Plaintiffs was a declaration that all of Defendants' claims were subject to the arbitration provision of the Stock Purchase Agreements.  Plaintiffs represented to counsel for Defendants that they would dismiss this action once Defendants filed a demand for arbitration. When Plaintiffs failed to file a dismissal following the arbitration demand, Defendants requested on three separate occasions that Plaintiffs voluntarily dismiss the action.  When Plaintiffs refused to dismiss, Defendants were forced to respond to the complaint and file disclosures with the Court.  After Defendants file their Motion to Dismiss, Plaintiffs filed an untimely response after the motion was submitted to the Court for consideration in which Plaintiffs did not oppose the motion.  The Court granted Defendants' motion.

The Court finds that Plaintiffs' refusal to voluntarily dismiss the complaint was unreasonable and caused Defendants unnecessary expense. Therefore, the Court finds that Defendants are entitled to recover attorney's fees.

Defendants have been most reasonable in their request.  They have limited their request to the fees and expenses occurring after they filed the arbitration demand.  Though Plaintiffs may have arguably had an issue before the filing of the demand, no issue for this Court remained after the demand was filed.  The Court finds that the hourly rates and hours expended are reasonable.  Accordingly, Defendants are awarded the sum of $5,319.00 for fees and costs against Plaintiffs.

**SO ORDERED**, this   17th   day of November, 2008.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)