**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DALFORD L. ENGLAND, Individually and as EnerTouch, Inc. And GoodCents Concepts, Inc. selling stockholders' representative; Clayt S. Mason, individually, | : : : : : : : | CIVIL ACTION NO. 1:08-CV-1702-RWS |
| Plaintiff, | : : | |
| v. | : : | |
| GOODCENTS HOLDINGS, INC., OCM/GFI POWER OPPORTUNITY FUND II, L.P., OCM/GFI POWER OPPORTUNITY FUND II (CAYMAN), L.P., GFI ENERGY VENTURES, LLC | : : : : : : : | |
| Defendant. | : | |

## **ORDER**

This case comes before the court on Defendants' Motion for Enforcement of Order, and Request that Plaintiffs be Required to Show Cause [22]. After reviewing the record, the Court enters the following Order.

I. **Background**

On May 12, 2008, Plaintiffs filed a declaratory judgment action seeking a

declaration that Defendants would be required to arbitrate any dispute resulting from a sale of stock between the two parties. (See Complaint [1]). Despite the fact that Defendants filed a demand for arbitration on June 19, 2008, thus mooting the action, Plaintiffs declined to dismiss the matter. Subsequently, Defendants filed a Motion to Dismiss [6], which this Court granted. (See Order of Aug. 5, 2008 [14]). Defendants then filed a Motion for Attorney Fees [16], which this Court also granted, awarding Defendants $5,319.00 for fees and costs against Plaintiffs for unreasonably continuing litigation and creating unnecessary additional expense for Defendants. (See Order of Nov. 17, 2008 [20]).

Seven months after this Court granted Defendants' Motion for Attorney Fees, Defendants filed a Motion to Enforce because Plaintiffs had failed to comply with this Court's Order [22]. This Court ordered Plaintiffs to show cause as to why they should not be held in civil contempt. (See Order of June 22, 2009 [23]).

II. **Analysis**

"Courts have inherent power to enforce compliance with their lawful orders through civil contempt." Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991). "A party seeking civil contempt bears

the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order." Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc., 950 F.2d 1525, 1529 (11th Cir. 1992). "Once a prima facie showing of a violation has been made, the burden of production shifts to the alleged contemnor, who may defend his failure on the grounds that he was unable to comply." Id. "Parties subject to a court's order demonstrate an inability to comply only by showing that they have made 'in good faith all reasonable efforts to comply.' " Citronelle-Mobile, 943 F.2d at 1301 (quoting United States v. Ryan, 402 U.S. 530, 534, 91 S. Ct. 1580, 1583, 29 L. Ed. 2d 85 (1971)).

There is no question that Plaintiffs have violated an outstanding court order. More than nine months have passed since this Court ordered Plaintiffs to pay Defendants $5,319.00 for fees and costs for unnecessarily extending the underlying litigation. Plaintiffs have not attempted to make any demonstration of inability to comply with this Court's Order. Rather, Plaintiffs have offered two defenses for why they should not be held in civil contempt: 1) the exclusive remedy for their violation of this Court's Order awarding attorney's fees and costs is a writ of execution, not civil contempt; and 2) the fees and costs that Plaintiffs have been ordered to pay should be offset against an arbitration award

3

under which they are purportedly owed payment by Defendants. Neither argument is persuasive.

A writ of execution is not the exclusive remedy for Plaintiff's failure to comply with this Court's Order. This Court awarded attorney's fees because Plaintiffs unreasonably continued the litigation after the declaratory judgment action was moot. "Use of the contempt power is an appropriate way to enforce a sanction for misconduct, which is not an ordinary money judgment." Cleveland Hair Clinic, Inc. v. Puig, 106 F.3d 165, 166 (7th Cir. 1997). The Seventh Circuit found it proper for the district court to hold a party in contempt for failing to comply with valid, court-ordered sanctions. Spain v. Bd. of Educ. of Meridian Cmty. Unit Sch. Dist. No. 101, 214 F.3d 925, 931 (7th Cir. 2000) (party failed to pay $2,000 in attorney's fees ordered by court as sanction). See also Loftus v. Se. Pa. Transp. Auth., 8 F. Supp. 2d 464, 468 (E.D. Pa. 1998) (holding party in contempt to enforce sanction of attorney's fees for continuation of frivolous suit); SD Protection, Inc. v. Del Rio, 587 F. Supp. 2d 429, 436 (holding party in contempt for failing to pay fine imposed for delaying litigation).

Plaintiff's reliance on the Eleventh Circuit's decision in Combs v. Ryan's Coal Co., 785 F.2d 970 (1986), is misplaced. The Ryan Court does assert that

"when a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution." Id. at 980. However, at issue in that case was not defendant's failure to pay sanctions, but rather defendant's failure to make payments pursuant to a consent decree. Id. at 973. As the Court stated, "[t]he order entered . . . pursuant to the consent decree is properly characterized as a money judgment. It makes extensive provision for the payment of money to appellees that the court found to be due and owing." Id. at 980. In contrast, a sanction of attorney's fees for needlessly prolonging litigation is not a similar money judgment.

Plaintiff's second defense, that the award of fees should be offset against an arbitration award, under which Defendants purportedly owe Plaintiff's money, also fails. First, this Court's Order imposing attorney's fees was entered on November 17, 2008. The parties did not arbitrate their claims until January, 2009. See Plaintiff's Response to Motion for Enforcement, at 2 [24]. Further, an arbitration award was not entered until April 13, 2009. Id. Plaintiff's obligation to pay the award of attorney's fees is not dependent upon the outcome of an arbitration award that is rendered five months after this Court's Order. Second, although not determinative, Plaintiffs and Defendants disagree about which party is owed money under the arbitration award.

5

Compare Id. at 3 (claiming Plaintiffs are owed $680,000), with Defendants' Reply in Support of Motion for Enforcement, at 5 [25] (claiming Defendants are owed more than $3 million).

Since Plaintiffs have failed to demonstrate an inability to comply with this Court's Order, and since both of Plaintiffs' proffered defenses fail, they are hereby found to be in contempt.

III. **Conclusion**

Accordingly, Plaintiff is **ORDERED** to immediately pay to Defendants the sum of $5,319.00 plus accrued interest from November 17, 2008, to the date of payment. Interest is to be calculated at the statutory rate applicable to judgments of this Court.

**SO ORDERED**, this  31st  day of August, 2009.

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)